Filed 6/19/15  P. v. Mars CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM MARS,<br><br>    Defendant and Appellant. | C077203<br><br>(Super. Ct. No. 07F06352) |

Appointed counsel for defendant William Mars asks this court to review the record and determine whether there are any arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In our review of the record, we discovered two clerical errors in the abstract of judgment.  However, we also discovered defendant purports to appeal from a non-appealable order.  Consequently, we lack jurisdiction to correct the errors as identified in part II, below.  Nonetheless, we note the trial court has the continuing power to correct its own errors.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  We dismiss the appeal and direct the clerk of this court to forward a copy of

1

this opinion to the department of the Sacramento County Superior Court in which judgment was pronounced.

### Summary of Defendant's First Appeal

In case No. 07F06352, defendant entered a plea of no contest to two counts of lewd and lascivious conduct upon a child under the age of 14 years (Pen. Code, § 288, subd. (a))[1] and one count of the same conduct by use of force or duress (former § 288, subd. (b)(1))[2] in exchange for dismissal of the remaining seven molestation counts involving two more victims and a stipulated state prison sentence of 18 years.

Defendant appealed, and in an unpublished opinion, we affirmed his convictions and sentence, but vacated an order requiring that defendant submit to testing for the human immunodeficiency virus (HIV) pursuant to section 1202.1, and remanded the matter for the limited purpose of permitting a further hearing on the issue of HIV testing at the election of the prosecution. (*People v. Mars* (Sept. 28, 2009, C060077, C060417) [nonpub. opns.].) On December 1, 2009, we issued our remittitur to the trial court, which was filed on December 3, 2009.

The prosecutor notified the trial court that based on her review of the facts and case law, there was no evidentiary support for the HIV testing order. On January 21, 2010, the trial court struck the HIV testing order. As modified, the trial court affirmed the judgment and ordered that a certified minute order be "mailed to [the Department of Corrections and Rehabilitation (CDCR)] legal process unit this date."

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Former section 288, subdivision (b)(1), provided, at the time of defendant's offenses (2006-2007), for a triad of 3, 6, or 8 years. (Stats. 2004, ch. 823, § 7, pp. 6294-6295.) Now, section 288, subdivision (b)(1), provides for a triad of 5, 8, or 10 years. (Stats. 2010, ch. 219, § 7.)

More than four years later, on June 26, 2014, defendant, in propria persona, filed in the trial court a request for "Modif[ica]tion of sentence." He claimed the trial court imposed an "illegal sentence of 18 y[ea]rs," arguing the trial court erroneously imposed the upper term for counts 1 and 3 when it should have imposed the low or midterm. He also claimed the CDCR is requiring him to serve 85 percent rather than 50 percent of his sentence. Defendant asserted he had not "waived" these errors since the sentencing error resulted in an unauthorized or illegal sentence that may be corrected at any time.

On June 26, 2014, the trial court denied defendant's request for modification of sentence without any statement of reasons.

On July 30, 2014, defendant filed a "Petition of Appeal" of the trial court's June 26, 2014 order denying his motion to modify the sentence.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

# I

## *Appealability*

We conclude the trial court's ruling is non-appealable because the court did not have jurisdiction to rule on defendant's motion to modify the judgment to reduce his sentence and to order CDCR to require defendant to serve 50 percent of his sentence.

Defendant previously appealed his conviction and sentence. This court remanded for the limited purpose of permitting further hearing on the issue of HIV testing but

3

otherwise affirmed the judgment in an unpublished opinion filed on September 28, 2009. The remittitur issued on December 1, 2009. (*People v. Mars, supra,* C060077, C060417.)

"If a judgment against the defendant is affirmed, the original judgment must be enforced." (§ 1263.) "After the remittitur 'the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, and *all orders necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted.*' ([] § 1265, italics added.) Thus, the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court.*" (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366; see *People v. Picklesimer* (2010) 48 Cal.4th 330, 337 (*Picklesimer*).)

After remittitur, the trial court had jurisdiction only to conduct further hearing on the issue of HIV testing. As a result, the trial court struck the HIV testing from the minute order. Four years later, the trial court did not have jurisdiction to hear defendant's motion to modify his sentence. (*Picklesimer, supra,* 48 Cal.4th at p. 337; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1203 (*Turrin*).) The general rule provides that once judgment is rendered, the sentencing court is without jurisdiction to modify the sentence. (*Turrin,* at p. 1204.) " 'In most cases, after the judgment has become final, there is nothing pending to which a motion may attach.' " (*Picklesimer,* at p. 337.)[3] Accordingly, the appeal must be dismissed.

---

[3]     While there are exceptions to this general rule, none apply to defendant's case: (1) pursuant to section 1170, subdivision (d)(1), a sentencing court, on its own motion, may recall a sentence and resentence the defendant within the first 120 days of the original commitment. (*Turrin, supra,* 176 Cal.App.4th at p. 1204; *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464.); (2) "[a] trial court may correct a clerical error, but not a judicial error, at any time. A clerical error is one that is made in recording the judgment; a judicial error is one that is made in rendering the judgment. [Citations.]" (*Turrin, supra,* 176 Cal.App.4th at p. 1205.); (3) an unauthorized sentence may be corrected at

## II

### *Abstract of Judgment Errors*

Our review of the record disclosed two clerical errors in the abstract of judgment. While we lack jurisdiction to correct these errors, the trial court has the continuing power to correct its own errors. (*People v. Mitchell, supra,* 26 Cal.4th at p. 185.)

First, the September 30, 2008 abstract of judgment in the clerk's transcript erroneously reflects all three counts were for violating section 288, subdivision (a). According to this court's unpublished opinion in defendant's first appeal, count 3 was a violation of section 288, subdivision (b)(1). The prosecutor's notice to the trial court to strike the HIV testing order also refers to count 3 as a violation of section 288, subdivision (b)(1), as does the *Wende* brief in the current appeal. Defense appellate counsel in the current appeal represented defendant in his first appeal and counsel states he is therefore familiar with defendant's case. This court's opinion in defendant's first appeal did not direct the trial court to correct the clerical error of mislabeling count 3 in the abstract but should have done so.

Second, while the trial court struck the HIV testing in a January 21, 2010 minute order, the record does not reflect the HIV testing order was deleted from the abstract of judgment. Consequently, the HIV testing order should be deleted from the abstract of judgment.

---

any time. (*Picklesimer, supra,* 48 Cal.4th at p. 338; *People v. Scott* (1994) 9 Cal.4th 331, 354; *In re Harris* (1993) 5 Cal.4th 813, 840 [acts in excess of jurisdiction " 'do not become irremedial when a judgment becomes final, *even after affirmance on appeal*' "].) Here, the 120 days for a recall of sentence had long expired when defendant filed his request for modification of sentence, defendant's motion for modification of sentence is based on judicial errors in his sentencing, and there is no unauthorized sentence.

DISPOSITION

The appeal is dismissed.  The clerk of this court shall forward a copy of this opinion to the department of the Sacramento County Superior Court in which judgment was pronounced.

                                                            HOCH           , J.

We concur:


          MAURO          , Acting P.J.


          DUARTE          , J.